IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 3:12-cr-00071-SMR |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| ROSCOE CHAMBERS, | ) | |
| | ) | |
| Defendant. | ) | |

Roscoe Chambers brings this "Motion pursuant to 3582(c)." ECF No. 263. Under 18 U.S.C. § 3582(c), a court may reduce the term of imprisonment for extraordinary and compelling reasons, for age-based reasons, or "to the extent otherwise expressly permitted by statute or [Federal Criminal Rules]." 18 U.S.C. § 3582(c)(1).

In his motion, Chambers alleges "he is illegal convicted and illegally sentenced in the federal system in violation of the U.S. Constitution and the laws of the United States of America." ECF No. 263 at 1. He also alleges the federal court lacked subject matter jurisdiction over him and made errors in calculating his sentence. *Id.* at 2–3 (alleging calculation errors, use of prior convictions to enhance sentence).[1] He asserts the Bureau of Prisons "is even holding Chambers in violation of the laws of the United States of America." *Id.* at 4.

Regardless of how Chambers styles his motion, in substance, he demands to be released, and the Court construes it as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) (under § 2255, a federal prisoner may claim a right to be released "upon the ground that the sentence was imposed in violation of the Constitution or laws of the

---

[1] The Court addressed Chambers' argument regarding the use of his prior convictions to determine his sentence in his previous § 2255. *See Chambers v. United States*, ECF No. 4:15-cv-00468-SMR, ECF No. 33 (Order of July 14, 2016).

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Chambers previously sought relief under § 2255. *See generally*, *Chambers v. United States*, 4:15-cv-00468-SMR (S.D. Iowa). The United States Court of Appeals for the Eighth Circuit summarily affirmed the district court's ruling denying Chambers any relief. *Id*. J., ECF No. 55 (June 6, 2017). The Supreme Court denied his petition for writ of certiorari. Notice, ECF No. 59 (Dec. 13, 2017).

Before a second or successive § 2255 motion is filed in the district court, the applicant shall move for authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Chambers has not sought permission from the Court of Appeals to file a second § 2255 here. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam).

As Chambers has not received permission to file a second or successive § 2255 motion with this Court, his motion, ECF No. 263, must be **DENIED**. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) ("If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals.").

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States Courts, the Court must issue or deny a Certificate of Appealability when it enters a final

order adverse to the movant. District Courts have the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). A certificate of appealability may issue only if a movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted).

Chambers has not made a substantial showing of the denial of a constitutional right for any of his claims, and no Certificate of Appealability will issue in this case. Chambers may request issuance of a certificate of appealability by a judge on the United States Court of Appeals for the Eighth Circuit. Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated this 16th day of March, 2020.

_____
STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE