RECEIVED
MAR 27 2020
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

RECEIVED
APR 06 2020
CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

In the United States Court of Appeals for the Eighth Circuit

Roscoe Chambers
  Defendant

V.

United States of America
  Plaintiff

Case #
District court # 3:12-cr-00071-SMR-TJS

Request issuance of a certificate of Appealability
Federal R. App. P. 22(b)

Now Comes the defendant Roscoe Chambers Pro, se Ask this honorable court to grant Chambers a certificate of Appealability pursuant to federal Rule App. P. 22(b) because chambers is illegally convicted and illegally sentence in violation of the United States Constitution and the laws of the United States of America, Petitioner states the following:

1) That on July 6, 2012 the Davenport Iowa city police officer improperly filed a criminal complaint in the Southern District of Iowa federal court see United States of America V. Roscoe Chambers, 3:12-cr-00071 SMR-TJS Doc # 1 criminal complaint + Affidavit attached

2) The case # was originally 3:12-mj-00065-TJS, I don't know how or who changed the case #.

3) The city police officer does not have any authority or jurisdiction to file or initiate a criminal charge in the federal court.

4) The city police affidavit attached to the criminal complaint

page 1 of 4

states the city police gets his authority from the state of IOWA

5) The federal court therefore lacked subject-matter Jurisdiction, to convict Chambers,

6) The city police does not have authority to charge Chambers with Inter-state commerce violation See Article 158,

7) Therefore Chambers is illegally convicted in the federal court,

8) Chambers is also sentence in violation of the laws of the United States of America, and the District court was obligated to correct this Procedural Error under 3582(C)(1).

9) The District court improperly enhanced Chambers sentence under 28 USC §851, using a prior Cannabis conviction.

10) The prior Illinois cannabis conviction is not a Serious drug charge, so it cannot trigger the 851 enhancement

11) The cannabis conviction only carried 1 to 3 years in prison, the Serious Drug offense requires the prior to carry 10 or more years in prison, See Serious Drug charge:

12) The district court improperly enhanced Chambers sentence 2 Levels for a Hosting a drug house,

13) Chambers was not indicted for Hosting a drug charge, the Jury did not convict Chambers of Hosting a drug premise, the Jury was not requested to find Chambers Guilty of Hosting a Drug

Premises. See Apprendi v. New Jersey there was no Jury instruction relating to hosting a Drug Premise's!

14) Chambers was also improperly sentence under USSG §4B1.1 career offender,

15) The District court improperly used a prior burglary conviction coupled with a Arm robbery conviction to enhance Chambers sentence see 3:12-cr-00071-SMR-TJS- Doc# 201

16) The Illinois burglary conviction did not Qualify as a predicate for the career offender, the Illinois state statute excluded the elements of residential Burglary which is a burglary of a dwelling

17) and under the Enumerate Clause of USSG §4B1.2, the Burglary must be a burglary of a dwelling see 720 ILCS 5/19-1 (2000)

18) The burglary also dont Qualify Through Stymist and Mathis case

19) On July 14, 2016 the Honorable Stephanie M. Rose incorrectly concluded that the prior cannabis conviction could serve as a prior predicate to enhance Chambers sentence, without given Chambers a chance to Object and Dismissed Chambers 2255 motion as harmless Error, See Roscoe Chambers v. United States of America 4:15-CV-00468-SMR -Doc#33,

20) However the cannabis conviction does not Qualify as a prior predicate under the career offender because Chambers did not receive any Criminal History Points pursuant to USSG §4A1.2

21) USSG §4A1.2 (Definition and Instruction for Computing Criminal History)

page 3 of 4

Applicable to the determination of whether a defendant is subjected to an enhance Sentence,

22) See United States of America V. Roscoe Chambers 3:12-CR-00071-SMR-TJS Doc#188 paragraph 45 of my PSI report,

23) Therefore I am not a career offender, My case only carried 78-92 months,

24) There was a 2 Level reduction for low level Drug conviction by the Sentence Commission under Amendment 782,

25) Therefore I should have been release 3 to 4 years Ago!

I demand to be release now!

26) The b.O.P. is also holding me in violation of the law, the Court did not properly changed my sentence when the Judge improperly changed my burglary conviction

27) The b.O.P is holding me on Records that I am sentence under the burglary conviction enhancement,

I request this honorable Court grant my request for a Certificate of Appealability see Fed. R. App. P 22(b) the Judge gave me permission to request issuance on March 16, 2020

Dated March 24, 2020

respectfully submitted by
Roscoe Chambers
Roscoe Chambers

Page 4 of 4

CHAMBERS, Roscoe 13495-030

## COP OUT RESPONSE

This is in response to the copout for inmate CHAMBERS, Roscoe, Reg. No. 13495-030, in which the inmate claims he is being held on an illegal Judgment and Commitment (J&C) order. Specifically, he should have been released 2 to 3 years ago.

I have researched all available information contained in this inmate's electronic J&C file and discovered the following information:

On May 17, 2013, inmate Chambers was sentenced in the United States District Court, Southern District of Iowa to a term of 360 months of imprisonment with eight years of supervised release, Docket No. 3:12-cr-00071-001. A review of the sentence computation reveals inmate Chambers was awarded 327 days of pre-sentence credit and has lost 216 days of good conduct time to date which results in a projected release date of August 19, 2038 via Good Conduct Time Release.

Inmate Chambers has presented no new information which would substantiate his claim of being held illegally.

N. Cruze, SCSS

12-30-19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:12-cr-00071-SMR |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| ROSCOE CHAMBERS, ) | |
| ) | |
| Defendant. ) | |

Roscoe Chambers brings this "Motion pursuant to 3582(c)." ECF No. 263. Under 18 U.S.C. § 3582(c), a court may reduce the term of imprisonment for extraordinary and compelling reasons, for age-based reasons, or "to the extent otherwise expressly permitted by statute or [Federal Criminal Rules]." 18 U.S.C. § 3582(c)(1).

In his motion, Chambers alleges "he is illegal convicted and illegally sentenced in the federal system in violation of the U.S. Constitution and the laws of the United States of America." ECF No. 263 at 1. He also alleges the federal court lacked subject matter jurisdiction over him and made errors in calculating his sentence. *Id.* at 2–3 (alleging calculation errors, use of prior convictions to enhance sentence).[1] He asserts the Bureau of Prisons "is even holding Chambers in violation of the laws of the United States of America." *Id.* at 4.

Regardless of how Chambers styles his motion, in substance, he demands to be released, and the Court construes it as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) (under § 2255, a federal prisoner may claim a right to be released "upon the ground that the sentence was imposed in violation of the Constitution or laws of the

---

[1] The Court addressed Chambers' argument regarding the use of his prior convictions to determine his sentence in his previous § 2255. *See Chambers v. United States*, ECF No. 4:15-cv-00468-SMR, ECF No. 33 (Order of July 14, 2016).

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Chambers previously sought relief under § 2255. *See generally, Chambers v. United States*, 4:15-cv-00468-SMR (S.D. Iowa). The United States Court of Appeals for the Eighth Circuit summarily affirmed the district court's ruling denying Chambers any relief. *Id.* J., ECF No. 55 (June 6, 2017). The Supreme Court denied his petition for writ of certiorari. Notice, ECF No. 59 (Dec. 13, 2017).

Before a second or successive § 2255 motion is filed in the district court, the applicant shall move for authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Chambers has not sought permission from the Court of Appeals to file a second § 2255 here. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam).

As Chambers has not received permission to file a second or successive § 2255 motion with this Court, his motion, ECF No. 263, must be **DENIED**. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) ("If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals.").

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States Courts, the Court must issue or deny a Certificate of Appealability when it enters a final

2

order adverse to the movant. District Courts have the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). A certificate of appealability may issue only if a movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted).

Chambers has not made a substantial showing of the denial of a constitutional right for any of his claims, and no Certificate of Appealability will issue in this case. Chambers may request issuance of a certificate of appealability by a judge on the United States Court of Appeals for the Eighth Circuit. Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated this 16th day of March, 2020.

STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I Roscoe Chambers Hereby Certify under penaltys of pagery pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, A complete copy of the following motion was sent to the court,

**Request Issuance of a Certificate of Appealability**
**Federal R. App. P. 22(b)**

Which is deemed filed on the date it was presented to prison officials for forwarding to the United States Postal Service, See Houston V. Lack 101 L.Ed 2d 245 (1988) upon the court and served parties to the Litigation and his/her Attorneys of Record by placing the same in a sealed, prepaid stamp envelope addressed to: Office of the Clerk, United States Court of Appeals, for the Eighth Circuit, Thomas F. Eagleton U.S. Courthouse 111 South 10th Street Room 24.329 St. Louis Missouri 63102

And Deposit the same in the legal mail Depository at AUSP Thomson for the United States Post Office, on this 24th day of March 2020

Dated March 24, 2020

Respectfully Submitted by

Roscoe Chambers
Roscoe Chambers 13495-030
AUSP Thomson
P.O. Box 1002
Thomson Illinois 61285

INMATE NAME Roscoe Chambers
REGISTER NUMBER 13495-030
ADMINISTRATIVE UNITED STATES PENITENTIARY
P.O. BOX 1001
THOMSON, IL 61285

QUAD CITIES IL
IL 612
25 MAR 2020
INMATE
IDENTIFICATION
CONFIRMED

Legal Mail

RECEIVED
APR 06 2020
CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Office of the Clerk
United States Court of Appeals
for the eighth circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St Louis, Missouri 63102