IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cr-00071-SMR |
| v. | ) | |
| | ) | **ORDER GRANTING COMPASSIONATE** |
| ROSCOE CHAMBERS, | ) | **RELEASE AND DENYING RELIEF** |
| | ) | **UNDER FIRST STEP ACT** |
| Defendant. | ) | |

Before the Court is a pro se motion by Defendant Roscoe Chambers for relief under the First Step Act. ECF No. 286. Chambers, through counsel, also seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 292. The Government resists the motion for relief under the First Step Act, ECF No. 286, and for compassionate release. ECF No. 295. Chambers replies to the Government's resistance to his compassionate release motion. ECF No. 296.

After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that the motion, ECF No. 292, is **GRANTED** after complete review of the motion on the merits. The Court will deny the motion for First Step Act relief as moot.

The Court's decision includes, but is not limited to, the following factors:

(1)     More than thirty days have passed since Chambers petitioned the warden for a sentence reduction on June 7, 2021. Def.'s Ex. C, ECF No. 292-4; Gov't's Resp. to Mot. for Compassionate Release 3, ECF No. 295 (agreeing administration exhaustion satisfied). The Court agrees with the parties that Chambers has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

(2)     Chambers is 50 years old and of Black or African American heritage. Revised Final Presentence Investigation Report 4, ECF No. 181. He currently suffers from Type 2 diabetes and hypertension. Current Health Problems List 1, Def.'s Ex. B, ECF No. 292-3. Although he takes medication for his blood pressure, regular readings taken since June 2020—some taken on a daily

basis—indicate his condition is not consistently well-controlled. *See e.g., id*. at 21–23 (recording 144/90 on April 17, 2021; 166/75 on April 12, 2021; 177/84 on July 9, 2020). Chambers weighs 225 pounds. *Id*. at 25. His body mass index is 27.4. Def.'s Br. in Supp. of Mot. for Sentence Reduction 4, ECF No. 292-1. Chambers has been vaccinated against COVID-19. ECF 292-3 at 14.

      (3)     Obesity, diabetes, and possibly hypertension may increase a person's risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 9, 2021). Additionally, new data from the Centers for Disease Control indicates "the Delta variant was more infectious and was leading to increased transmissibility when compared with other variants, *even in some vaccinated individuals*." *See* Delta Variant: What We Know About the Science, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited September 9, 2021) (emphasis added). Vaccines "are not 100% effective, and some fully vaccinated people will become infected (called a breakthrough infection) and experience illness." *Id.; see also* Order at 4, *United States v. Miranda Suarez*, 3:01-cr-139-RP (S.D. Iowa July 20, 2021), ECF No. 557 ("Defendant's risk of a breakthrough infection and serious illness or death cannot be discounted.").

      (4) In 2013, a jury found Chambers guilty of two counts of distributing cocaine base and one count of possession with intent to distribute at least 28 grams of cocaine base. Judgment 1, ECF No. 186. At sentencing, Chambers was found responsible for 73.51 grams of cocaine base. Final Presentence Report ¶ 28, ECF No 181; Sent. Tr. 28, ECF No. 201. This resulted in a base offense level of 26. *Id*. However, because he had at least two prior felony convictions of either a crime of violence or a controlled substance, the Court also found Chambers was a career offender as defined by USSG § 4B1.1(b)(1). ECF No. 181 at ¶ 34; ECF No. 201 at 27. The two prior

convictions relied on by the Court to make this finding were a 1999 Illinois armed robbery conviction, and a 2000 Illinois burglary conviction. ECF No. 181 at ¶ 34; ECF No. 201 at 26–27. His status as a career offender, therefore, was the controlling factor in setting his guideline range. *Id*. The district court sentenced Chambers to 360 months in prison, followed by eight years of supervised release. ECF No. 186 at 3.

(5) The Government argues compassionate release should not be based on "changes in the legal landscape." ECF No. 295 at 21. For purposes of § 3553(a) considerations, however, the Government does not refute Chambers's argument that if sentenced today, his 2000 Illinois conviction for burglary of an unoccupied residence would no longer qualify as a predicate felony under the sentencing guidelines. ECF No, 292-1 at 9 (citing USSG app. C, amend. 798 (2016)). Neither does the Government contest Chambers's assertion that his 2000 Illinois conviction for possession with intent to deliver/delivery of cannabis could not serve as an alternative predicate felony[1] because it was imposed more than ten years prior to the offenses charged in this case, and unscored offenses do not count toward career offender designation. *Id*. at 8 n.5 (citing USSG 4A1.2(e)(2), (3)); *see also United States v. Peters*, 215 F.3d 861, 862 (8th Cir. 2000) ("To qualify

---

[1] The Court acknowledges it erred on this issue when ruling on Chambers's § 2255 motion. *See* Order 3, *Chambers v. United States*, 4:15-cv-00468-SMR (S.D. Iowa July 14, 2016), ECF No. 33. The error was compounded by the summary affirmance by the Court of Appeals. Order, *id*., ECF No. 55 (8th Cir. June 6, 2017).
  The Government suggests that because this Court and the Court of Appeals have previously rejected the argument that Chambers is not a career offender, the Court should continue to apply that finding here. ECF No. 295 at 22. The law-of-the-case doctrine requires courts to "follow decisions made in earlier proceedings to insure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *Thompson v. Comm'r*, 821 F.3d 1008, 1011 (8th Cir. 2016) (internal citations and quotations omitted). "Law of the case is a doctrine of discretion," however. *See Estrada-Rodriguez v. Lynch*, 825 F.3d 397, 402 (8th Cir. 2016) (internal quotations omitted). Thus, a decision may be reopened "if a prior decision is clearly erroneous and would work a manifest injustice." *Thompson*, 821 F.3d at 1011. The prior finding that the unscored 2000 Illinois cannabis conviction could be a predicate felony to establish a career offender status is clearly erroneous, and to find otherwise would work a manifest injustice in this case.

as a 'prior felony' for career offender purposes, the felony must receive criminal history points under subsection (a), (b), or (c) of [§] 4A1.1."). Finally, the Government does not address Chambers's position that a notice to enhance his sentence under 18 U.S.C. § 851 could not be based on his 2000 Illinois cannabis conviction because such a conviction is no longer a "serious drug felony." ECF No. 292-1 at 10–11.

(6) Had the Court sentenced Chambers as a noncareer offender in 2013, his total offense level of 28, ECF No. 181 ¶ 33, combined with his criminal history category of IV, *id.* ¶ 51, would have resulted in a guideline range of 110–137 months. USSG Sent. Table (2012). Chambers argues his sentence today would be even lower due to Amendment 782. ECF No. 292-1 at 9 (suggesting his total offense level would be 26, resulting in a guidelines range of 92–115 months in prison). The Court agrees, and the Government does not refute, that if sentenced today, Chambers would be sentenced as a noncareer offender, and would be subject to a substantially lesser sentence than his current 360-month sentence.

(7) Chambers has served approximately 109 months of his sentence, and with credit for earned good time, has served an approximate total of 118 months. ECF No. 295 at 2.

(8) Chambers has a lengthy criminal history, beginning at age fourteen, for crimes of violence and drug felonies. ECF No. 181 at 10–24. He also had multiple disciplinary violations while he was incarcerated, and had difficulty meeting the terms of his parole. *Id*. During his present incarceration, he has had various disciplinary infractions, including assault without serious injury, possession of a weapon, and threatening bodily harm. Inmate Discipline Data, Def.'s Ex. A 17–26, ECF No. 292-2. Chambers has a significant substance abuse addiction. *See* ECF No. 181 ¶¶ 114–120. He has also been diagnosed with Antisocial Personality Disorder. ECF No. 292-3 at 1.

## CONCLUSION

This is a very close question. The Court recognizes Chambers has only served approximately one third of his 360-month sentence. The Court also has serious concerns about the lack of rehabilitative efforts by Chambers. The Court acknowledges some of his behavior may be due, in part, to his frustration with what he has perceived as an unfair sentence.

Nonetheless, given the dangers of the pandemic in the prison environment, the Court is satisfied a reduction in Chambers's sentence to time served is adequate to achieve the purpose of the original sentence in terms of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment and providing a deterrent effect. In weighing these and the other factors set forth in 18 U.S.C. § 3553(a), the Court finds Chambers's health concerns in general, and especially in light of the ongoing COVID-19 pandemic and Delta variant, to be extraordinary and compelling reasons warranting compassionate release. This is especially so given the extraordinary longer sentence imposed compared to the sentence he would receive if sentenced today.

In order to provide Chambers the greatest opportunity for success, the Court will require as a condition of supervision that Chambers be housed in a residential reentry center for an extended period of time during which he will be provided reentry skills, have access to substance abuse treatment and counseling, and access to mental health treatment and counseling. In light of his previous criminal and prison disciplinary history, the Court will have little tolerance for any failure by Chambers to abide by the rules of his supervised release.

## RULINGS AND ORDERS

For the reasons stated above,

**IT IS SO ORDERED** that Roscoe Chambers's motion for compassionate release, ECF No. 292, is **GRANTED.** Chambers's motion for relief under the First Step Act, ECF No. 286, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Chambers's eight-year term of supervised release[2] shall commence immediately upon his release from incarceration, subject to the same terms and conditions as set forth in the judgment, except to the extent modified or supplemented below. *See* Judgment 5, ECF No. 186.

At the onset of supervision, Chambers shall reside, participate, and follow the rules of a residential reentry program, as directed by the U.S. Probation Officer, for 12 months. The residential reentry program is authorized to allow up to six hours of pass time per week for good conduct when Chambers becomes eligible in accordance with the residential reentry program standards. This modified special condition of supervision substitutes for the previous directive that defendant reside, participate, and follow the rules of the residential reentry program for up to 120 days. *Id*.

Additionally, within 45 days of commencing supervised release, Chambers shall submit to a mental health evaluation. If treatment is recommended, Chambers must participate in an approved treatment program and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment and/or compliance with a medication regimen.

---

[2] The Court acknowledges that, in light of changes to the law, an eight-year term of supervised release would no longer be mandatory if Chambers were sentenced today. However, an eight-year term of supervised release is still an option, even if the Court considers changes to the law, and the Court finds a lengthy term of supervision is necessary in this case to effect goals of rehabilitation and ensure community safety.

Chambers shall contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third-part payment.

**IT IS FURTHER ORDERED** that Chambers shall contact the U.S. Probation and Pretrial for the Southern District of Iowa within 24 hours of his release.

**IT IS FURTHER ORDERED** that this order is **STAYED** for up to 45 days, for the Federal Public Defender to work with the U.S. Probation Office for the Southern District of Iowa to locate and verify an appropriate residential reentry center for Chambers, to make travel plans, and to ensure the safe release of Chambers. Chambers shall be released as a soon as a bed becomes available in an approved residential reentry program, a release plan is established, appropriate travel arrangements are made, and it is safe for Chambers to travel. There shall be no delay in ensuring travel arrangements are made. If more than 45 days are needed to make appropriate travel arrangements and ensure Chambers's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2021.

_____
STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE